Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000723
30-JUN-2015
08:38 AM

NO. CAAP-12-0000723

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

CITIBANK (SOUTH DAKOTA), N.A., Plaintiff-Appellee, v.
DYLAN THEDE, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CIVIL NO. 11-1-0115)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Ginoza, JJ.)

In this credit card debt collection case, Defendant-Appellant Dylan Thede appeals *pro se* from the Judgment, filed July 19, 2012 in the Circuit Court of the Fifth Circuit ("Circuit Court").[1] Plaintiff-Appellee Citibank (South Dakota), N.A. ("Citibank") moved successfully for summary judgment and secured judgment in the amount of $44,335.90 on its complaint for an "account stated."

Thede challenges the judgment on three bases: (1) "Existence of Genuine Issues of Material Fact"; (2) "Validity of [Citibank's] Affidavit" in support of its motion for summary judgment; and (3) "Validity of [Citibank's] Standing and Court Jurisdiction."[2] Upon careful review of the record and the

---

[1] The Honorable Randal G.B. Valenciano presided.

[2] Thede's points of error do not specify the nature of the error or state where in the record the alleged error occurred, and thus may be disregarded for failure to comply with the Hawaiʻi Rules of Appellate Procedure. *See* Haw. R. App. P. 28(b)(4); *Omerod v. Heirs of Kaheananui*, 116 Hawaiʻi 239, 274, 172 P.3d 983, 1018 (2007). However, as this court "observes a policy of affording *pro se* litigants the opportunity 'to have their cases heard on the merits, where possible,'" *Hawaiian Properties, Ltd. v. Tauala*, 125 Hawaiʻi 176, 181 n.6, 254 P.3d 487, 492 n.6 (App. 2011) (quoting *O'Connor v. Diocese of Honolulu*, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994)), we review Thede's points of error to the extent possible.

briefs submitted by the parties, and having given due consideration to the arguments they advance and the issues they raise as well as the relevant statutory and case law, we resolve Thede's points of error as follows, and affirm:

(1 & 2) We review a trial court's grant of summary judgment de novo. *Querubin v. Thronas*, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005) (citing *Hawaii Cmty. Fed. Credit Union v. Keka*, 94 Hawai'i 213, 221, 11 P.3d 1, 9 (2000)). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Haw. R. Civ. P. 56(c); *see also First Ins. Co. of Haw. v. A&B Props.*, 126 Hawai'i 406, 413-14, 271 P.3d 1165, 1172-73 (2012). "To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of [Hawai'i Rules of Civil Procedure ("HRCP") Rule 56(e)] and the affiant must be a person through whom the exhibits could be admitted into evidence." *Takaki v. Allied Mach. Corp.*, 87 Hawai'i 57, 69, 951, P.2d 507, 519 (App. 1998) (quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 2722, at 58-60 (2d ed. 1983)).

In support of its motion for summary judgment, Citibank provided evidence including an affidavit of Ryan Cogan, the custodian of records for Citicorp Credit Services, Inc. (USA), a subsidiary of Citibank responsible for servicing Citibank-owned accounts. We consider then whether Cogan's affidavit presented admissible evidence and properly authenticated the attached exhibit.

In *Citibank, N.A. v. Freitas*, No. CAAP-13-0000208, 2014 WL 2440137 (Haw. Ct. App. May 29, 2014) *reconsideration denied*, 2014 WL 2921854 (Haw. Ct. App. June 26, 2014), *certiorari denied*, 2014 WL 5470749 (Haw. Oct. 24, 2014), this court held that an affidavit from Cogan satisfied the requirements of the analogous District Court Rules of Civil Procedure ("DCRCP") Rule 56(e),[3]

---

[3] DCRCP Rule 56(e) was adopted from HRCP Rule 56(e), with changes to gender neutral language. *See* Dist. Ct. R. Civ. P. cmt.

where, as he does here, Cogan averred that "[a]s a custodian of records, [he had] knowledge of, and access to, account information and records concerning the defendant's Citibank account number . . ., which is the subject of this lawsuit. . . ." *Id.* at *2. In *Freitas*, Cogan also stated, as he does here, that the attached exhibits were business records created and maintained by the bank in the course of regularly conducted business activity, and the attached account balance statements demonstrated periodic payments from the defendant to plaintiff bank. *Id.*

Thus, as it did in *Freitas*, Cogan's affidavit here satisfied the requirements of HRCP Rule 56(e). *Id.; see Capital One Bank (USA), N.A. v. Huffman*, No. CAAP-13-0003149, 2014 WL 6488771, at *3 (Haw. Ct. App. Nov. 18, 2014) (holding that it could be reasonably inferred that an affiant "had personal knowledge about the policies and procedures that pertain to [a bank's] various credit card accounts" when the affiant testified that his or her position was "responsible for verifying the amounts due and owing [the bank] on its credit card accounts." (original brackets omitted)).

Any other arguments advanced by Thede in support of the proposition that there were genuine issues of material fact which precluded entry of summary judgment are insufficiently argued and/or supported in his briefs to this court or the record.[4] Indeed, summary judgment here was proper because Citibank met its initial burden and Thede failed to demonstrate any genuine issues of material fact. *See* Haw. R. Civ. P. 56(e). As such, the

---

[4] In his reply brief, Thede additionally contends that Citibank's evidence in support of its motion for summary judgment was "effectively nullifie[d]" because he claims the Circuit Court signed an order *granting* his motion to strike that evidence. Thede apparently presented his motion to strike at the motion for summary judgment hearing. However, contrary to Thede's contention, the purported order granting his motion to strike contains no file stamp showing that it was actually filed by the court and, moreover, the Circuit Court's April 30, 2012 order granting summary judgment to Citibank states that Thede's motion to strike was denied. Thede fails to provide a transcript of the summary judgment hearing, and thus cannot demonstrate that there was any contrary oral ruling by the court. *Bettencourt v. Bettencourt*, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he [or she] has the responsibility of providing an adequate transcript." (quoting *Union Bldg. Materials Corp. v. The Kakaako Corp.*, 5 Haw. App. 146, 151, 682 P.2d 82, 87 (1984))).

record supports the Circuit Court's conclusion that an "account stated" had been created between the parties. *See id.*; *see also, e.g., Barwick Pac. Carpet v. Kam Haw. Constr., Inc.*, 2 Haw. App. 253, 257, 630 P.2d 638, 641 (1981) (affirming trial court's conclusion that an "account stated" had been created where invoices were sent to and received by contractor without objection); *see also Hew v. Aruda*, 51 Haw. 451, 458, 462 P.2d 476, 480-81 (1969) ("[S]ilence in the light of previous dealings between parties may operate as assent." (citing 6 Corbin on Contracts § 1313, at 270-71 (1962)). Accordingly, Thede's first two points of error fail.

(3) In his third point of error, Thede argues that the Circuit Court lacked subject matter jurisdiction over the case and that the case was not commenced by a real party-in-interest under HRCP Rule 17(a). To that end, Thede claims that he was "not in receipt of any document or information which states that [Citibank] is the real party at [sic] interest or is properly registered to bring an action in the State of Hawai'i." We find these arguments to be without merit.

The Circuit Court properly exercised jurisdiction over Citibank's complaint. Haw. Rev. Stat. § 603-21.5(a)(3) (Supp. 2010). Here, the amount in controversy claimed by Citibank was $42,763.40, an amount greater than the statutory maximum amount for the District Court's jurisdiction over this case at the time that Citibank filed its complaint. *See* Haw. Rev. Stat. § 604-5 (Supp. 2010). Therefore, the Circuit Court had subject matter jurisdiction over the matter.

Thede argues that Citibank lacked standing to initiate the action against him because it could not prove it had standing without "the scrutiny of a trial." We disagree.

> As a general rule, whether a party has standing is measured by the three part "injury in fact" test: [i] he or she has suffered an actual or threatened injury as a result of the defendant's wrongful conduct, [ii] the injury is fairly traceable to the defendant's actions, and [iii] a favorable decision would likely provide relief for a plaintiff's injury.

*Bush v. Watson*, 81 Hawai'i 474, 479, 918 P.2d 1130, 1135, *reconsideration denied*, 82 Hawai'i 156, 920 P.2d 370 (1996).

*State v. Yoshina*, 84 Hawai'i 179, 184-85, 932 P.2d 316, 321-22

(1997). Here, Citibank's evidence, presented through Cogan's affidavit and the monthly billing statements, demonstrated that (i) Citibank was harmed (ii) by Thede and that (iii) a judicial determination in its favor could result in a damages award that would provide Citibank with a remedy for this injury. *Id.; see Capital One Bank (USA), N.A. v. Stewart*, No. CAAP-11-0000128, 2013 WL 4711234 at *2 (Haw. Ct. App. Aug. 30, 2013). Accordingly, Thede has failed to demonstrate that Citibank did not have standing, and the third point of error fails.

Therefore, the July 19, 2012 Judgment entered in Circuit Court of the Fifth Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 30, 2015.

On the briefs:

Dylan Thede,
Pro Se Defendant-Appellant.

Marvin S.C. Dang and
Jason M. Oliver
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge